# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

In Re:

ALBERT LYNDON GRISHOM,
DEBBIE L. GRISHOM,
    Debtors.

ROBERT H. WALDSCHMIDT,
TRUSTEE,
    Plaintiff

v.

W.F. GREER, EULA C. GREER,
GARY A. JARMAN, AND OCWEN
FEDERAL BANK, FSB
    Defendants.

Case No. 01-13130
Chapter 7
Honorable George C. Paine, II

Adversary Number: 04-0742A

## MEMORANDUM

This matter is before the court on the summary judgment of Robert H. Waldschmidt (hereinafter "trustee") in his adversary proceeding seeking to "Quiet Title, and To Avoid Liens, Claims, and Interests in Property" against W.F. Greer, Eula C. Greer, Gary A. Jarman, and Ocwen Federal Bank (hereinafter "Ocwen"). The trustee obtained default judgments against all defendants except Ocwen Federal Bank. As to Ocwen, the trustee contends that defects in the "chain of title" result in the lien of Ocwen being limited to at best, a ½ interest in the sale proceeds of the subject property sold by the trustee, and at worst, a ¼ interest in the sale proceeds. Ocwen contends that the trustee's action is barred by the statute of limitations set forth in 11 U.S.C. § 546(a), and if it is not time barred, then the trustee's action is nonetheless meritless to defeat Ocwen's lien. For the reasons contained herein, the court finds that the trustee's avoidance cause of action is time barred, but that the trustee is

entitled to his 11 U.S.C. § 506(c) expenses. Accordingly, the court GRANTS IN PART, and DENIES IN PART the trustee's motion for summary judgment.

## Factual Background

The facts of this case are unbelievably complicated to understand. The debtors filed a chapter 13 bankruptcy petition on November 26, 2001. A plan was confirmed that provided an ongoing payment on a long term debt to Ocwen in the amount of $1,056 per month. This included repayment of $4,000 in arrears. Ocwen filed a proof of claim in the debtor's chapter 13 case asserting a claim of $104,118.75. No valuation issues were addressed in the debtor's chapter 13 case. Ocwen was paid $33,515.53 in periodic payments on the continuing debt and arrears prior to conversion of the case to chapter 7 on May 25, 2004.

On May 27, 2004, following conversion to chapter 7, Robert H. Waldschmidt was appointed as the chapter 7 trustee. The trustee then filed a motion to sell the property located at 1860 Burton Road, Mt. Juliet, TN free and clear of liens. At that point, the trustee realized that there might be a potential problem preventing the trustee from providing clear title to his prospective purchasers. On September 16, 2004, the court signed an order allowing the sale of the property free and clear of liens to provide clear title to the purchasers and holding all additional sale proceeds pending further order of the court.

The trustee then filed the present adversary proceeding seeking to "Quiet Title, and To Avoid Liens, Claims, and Interests in Property" against W.F. Greer, Eula C. Greer, Gary A. Jarman, and Ocwen Federal Bank. Consolidated with the

trustee's adversary proceeding were all matters relating to the trustee's right to receive 11 U.S.C. § 506(c) expenses from his sale of the subject property. The adversary proceeding alleges that defects in the chain of title result in Ocwen's security interest being perfected in at most ½ of the subject property, and at worst ¼ of the subject property. Accordingly, Ocwen's entitlement to the sale proceeds being held by the trustee would likewise be reduced to the extent the trustee avoided Ocwen's lien.

According to the trustee, the reason that Ocwen held less than the full secured lien it claims is because of a defect or defects in the chain of title to the debtors. The largely undisputed facts show the following chain of title to the debtors (*disputed facts are italicized*):

| Date | Occurrence | Land Division | Other |
| --- | --- | --- | --- |
| 5/21/77 | Waltons and Greers purchase 40 acre tract | 40 acres owned by Waltons and Greers | Deed is recorded |
| 1/17/80 | Waltons transfer their interest in the 40 acres to the Greers | Greers own 40 | Deed is not immediately recorded |
| 7/22/80 | Greers transfer 5 acres (Tract #1) of 40 acre tract to Spiveys | Greers own 35<br><br>Spiveys own 5 | Deed is recorded |
| *10/31/80* | *Greers transfer 5 more acres to the Chastains (Tract #2)* | *Greers own 30*<br><br>*Spiveys own 5*<br><br>*Chastains own 5* | |
| 7/18/81 | | | Deed from Waltons to Greers on 1/17/80 is recorded |

| Date | Event | Ownership | Notes |
|---|---|---|---|
| 4/5/83 | Spiveys transfer their 5 acres to the Stevens | Greers own 30<br><br>Stevens own 5<br><br>Chastains own 5 | This deed is recorded. |
| 11/21/88 | Greers quitclaim their interest in the 5 acres previously given to Chastains to the Chastains | Greers own 30<br><br>Stevens own 5<br><br>Chastains own 5 | Disputed that Greers did this to clear up late recording of the 1/17/80 deed from Waltons to Greers |
| 11/21/88 | Chastains transfer back their 5 acres to Stevens | Greers own 30<br><br>Stevens owns 10 | |
| 7/6/92 | Stevens sells Tract 2 to a third party | Greers own 30<br><br>Stevens owns 5<br><br>Third Party owns 5 | Stevens re-records a plat that subdivides the 10 acres back into two 5 acre plots and records as Tract 1(originally Spiveys) and Tract 2 (originally Chastains) |
| 6/28/93 | Stevens sells 5 acres (Tract 1) to Grishoms and Jarman | Greers own 30<br><br>Grishoms and Jarman own 5 | Deed is recorded |
| 6/17/98 | Jarman quitclaimed his interest to Grishoms | Greers own 30<br><br>Grishoms own 5 | Deed is recorded but contains a fault acknowledgment according to the trustee |

The trustee found two major defects in the chain of title. First, the deed from the Waltons to the Greers on 1/17/80 was not recorded until after the Greers had transferred the 5-acre tract #1 to the Spiveys. When the deed was recorded, the 5-acre tract 1 was owned ½ by the Spiveys and ½ by the Greers. This ½ ownership continued, according to the trustee, up until the time he
4-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:04-ap-00742   Doc 33   Filed 03/18/05   Entered 03/18/05 15:31:08   Desc Main
Document      Page 4 of 13

attempted to provide clear title to the purchaser of the subject property. It was not until he took a default judgment against the Greers and Jarman did he get clear title to Tract #1. The second defect is the allegedly defective acknowledgment in the quitclaim deed from Jarman to the Grishoms dated June 17, 1998. The trustee argues, that under the recent Sixth Circuit opinion in *In re Biggs,* 377 F.3d 515 (6th Cir. 2004) a faulty acknowledgment renders this deed void perhaps diluting the debtors' and therefore Ocwen's interest in the property to a ¼ interest. This voided deed constitutes, according to the trustee, a "cloud" which could have effected subsequent sales of the property.

Ocwen does not dispute most of the chain of title facts. It is Ocwen's position, however, that the trustee's action seeking to strip down Ocwen's interest is barred by the statute of limitations set forth in 11 U.S.C. § 546(a). Ocwen contends that no matter how you dress up the trustee's action and call it by another name, the essence of the trustee's lawsuit is to strip down, avoid or otherwise dilute Ocwen's lien by virtue of the trustee's bankruptcy powers. Ocwen alternatively argues that even if the trustee's action is not time barred, material facts remain in dispute thereby preventing the trustee from receiving summary judgment against Ocwen.

## DISCUSSION
### A. Summary Judgment Standard

Bankruptcy Rule 7056 states that Federal Rule of Civil Procedure 56, governing summary judgments, applies in adversary proceedings. Rule 56 provides as follows:

> The summary judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED.R.CIV.P. 56(c) (1993). Rule 56(c) sets forth a two-pronged test: (1) whether there is a genuine issue of material fact for trial; and (2) whether the law entitles the moving party to a judgment in the absence of a genuine dispute of a material fact.

The moving party always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings and/or discovery materials which demonstrate that there is no genuine disputed issue of material fact. **Celotex Corp. v. Catrett**, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets that initial burden, the burden is shifted to the nonmoving party to go beyond the pleadings, and by her own affidavits, depositions, answers to interrogatories, and admissions designate specific facts showing that a genuine issue of fact does remain for trial. **Id.** at 324.

In this case, the court finds material facts do remain in dispute on some issues preventing the court from awarding summary judgment to the trustee. As to the other issues, and because the trustee is the only party requesting summary judgment, the court must only decide if the trustee is entitled to a judgment as a matter of law.

### B. Statute of Limitations

11 U.S.C. § 546(a) provides as follows:

§ 546. Limitations on avoiding powers

(a) An action or proceeding under section 544, 545, 547, 548, or

6-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:04-ap-00742   Doc 33   Filed 03/18/05   Entered 03/18/05 15:31:08   Desc Main
Document   Page 6 of 13

553 of this title may not be commenced after the earlier of—

>    (1) the later of—
>
>> (A) 2 years after the entry of the order for relief; or
>>
>> (B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>
>    (2) the time the case is closed or dismissed.

**11 U.S.C. § 546(a).** Under this section, the relevant dates are as follows:

| Date | Occurrence |
|---|---|
| 11/26/01 | Debtors file Chapter 13 bankruptcy<br>Chapter 13 Trustee, Henry Hildebrand Appointed |
| 11/26/02 | One Year After Appointment of the First Trustee (Hildebrand) Expires |
| 11/26/03 | Two Years After the Entry of the Order for Relief Expires |

The trustee contends that his is not an avoidance action, but a determination of the secured claim pursuant to 11 U.S.C. § 506. Both issues raised in the pretrial order ask the value of the secured claim under 11 U.S.C. § 506 and the unsecured claim under section 502. The trustee argues that the statute of limitations defense is irrelevant because his avoiding powers as a trustee are not invoked.

The court finds that both Ocwen and the trustee are correct. The trustee is correct that he is entitled to determine the amount of Ocwen's secured and unsecured claim pursuant to 11 U.S.C. § 506 and § 502, including a determination of § 506(c) expenses. However, Ocwen is likewise correct that any attempt by the trustee to avoid, strip down, or dilute its lien, even in the

context of section 506, is time barred under 11 U.S.C. § 546(a).

Conversion from chapter 13 to chapter 7 does not rekindle a new two-year period for the chapter 7 trustee to file an avoidance action. **See In re Wray,** 258 B.R. 777 (Bankr. D. Idaho 2001) (successor trustee in case converted from 13 to 7 was not entitled to new two-years to commence avoidance proceedings); **In re Bodenstein**, 253 B.R. 46 (8th Cir. BAP 2000) ("the plain language of section 546(a) makes it clear that the statute of limitations runs from the date the first trustee is appointed. Any subsequently appointed trustee is subject to the original statute of limitations and does not receive a new period within which to initiate avoidance actions."); **In re American Energy Trading, Inc.** 291 B.R. 159, 165 (Bankr. W.D. Mo. 2003) (citing **Bodenstein** favorably). Section 546(a) is clear that the two years expired prior to the chapter 7 trustee's appointment, and because the chapter 13 trustee did not bring the avoidance action, such is time barred.

That being said, the trustee nonetheless argues that this is not about an avoidance action, but about determination of the amount of Ocwen's claim(s). The court must disagree. The trustee's own complaint, titled "Complaint to Quiet Title and to Avoid Liens, Claims, and Interests in Property" claims that "the trustee's rights in the remaining ¾ interest in the front portion of Tract # 1 [are] superior to that of Ocwen, pursuant to 11 U.S.C. § 544." In the trustee's prayer for relief, he asks that the lien of Ocwen be "limited to a lien against ¼ of the proceeds from the portion of the purchase price . . . and that the remainder of [Ocwen's] claim be deemed an unsecured claim in this bankruptcy case." The pretrial order sets forth the issues more innocuously:

1. What is the amount of the secured claim of Ocwen.

8-U.S. Bankruptcy Court, M.D. Tenn.

      a.    What was the legal title of the Debtors when they executed the deed of trust to Ocwen.

      b.    What was the legal title of the Debtors at the time of the filing of the bankruptcy proceeding.

      c.    Whether Ocwen can reform the prior deeds and/or clear title, retroactively, such that their deed of trust is deemed effective against the entire interest in the property.

      d.    What is the value of the portion of the back tract which was omitted in the transfer– Exhibit F.

      e.    What is the effect of the improper acknowledgment of the lien interest in Ocwen.

      f.    What is the value of the interest of Ocwen (whatever that interest is) in Tract # 1.

2.    What is the amount of the claim (secured and/or unsecured) of Ocwen.

According to the trustee, in order to determine the claim of Ocwen, the validity of its lien must be established, and if its lien is not properly perfected in the entire subject property, then Ocwen's lien must be limited accordingly.

All of the debtors' rights in the subject property are property of the estate pursuant to 11 U.S.C. § 541(a)(1), but the mere filing of bankruptcy does not expand these rights beyond what existed under nonbankruptcy law at filing. The trustee's ability to assert a greater interest against the subject property than what the debtors could have asserted absent bankruptcy is necessarily premised upon the trustee's status under 11 U.S.C. § 544. The only way the trustee can attempt to bring into the estate an interest greater than the debtors' at filing is by using section 544. This is so because even if faults existed in the chain of title, the unregistered or improperly registered deeds were effective between the parties, and the trustee's status as a hypothetical bona fide purchaser ("BFP") only exists because of 11 U.S.C. § 544.

Unbelievably, a case with similar facts, exists in the case law. In *In re Wray*, 258 B.R. 777 (Bankr. D. Idaho 2001), the debtor owned real property in which he had granted his father a life estate. The life estate was not properly recorded. The trustee sought a declaratory judgment and/or turnover of the property, and/or to avoid the interest of the life tenant. The life tenant argued that the 11 U.S.C. § 546(a) statute of limitations barred the trustee's suit. The court in *Wray* found that the trustee's action was necessarily premised upon his status as a hypothetical BFP, and therefore the suit was untimely under 11 U.S.C. § 546(a). The court in *Wray* relied upon an apparently unpublished decision in *Rakozy v. Johnson*, 90 I.B.C.R. 152, 153 (Bankr. D. Idaho, 1990). In *Johnson*, the debtors owned a California residence that was occupied by a relative who claimed some sort of interest in the property. The trustee brought an action to "quiet title," and the relative argued the action was barred by 11 U.S.C. § 546(a)'s statute of limitations. The court held that the trustee's actions were necessarily premised upon his 544(a) trustee status, and therefore the action was time barred.

In *Wray*, the trustee's action was for "turnover" and "declaratory judgment," and in *Johnson*, the action was to "quiet title." In the present case, the trustee seeks claim determination and to "quiet title." As noted by the court in *Wray*, the naming of the action is a "distinction without a difference. [All] use linguistic legerdemain to avoid confronting § 544 and § 546." *Wray*, 258 B.R. at 758.

Section 544(a)(3) provides a trustee with the rights of a hypothetical BFP at the time the debtor commenced the bankruptcy proceeding. Although it is federal law that endows the trustee with the status of a judicial lien creditor, it

is state law that determines the legal effect of that status. ***Waldschmidt v. Dennis (In re Muller)***, 185 B.R. 552, 554 (Bankr. M.D.Tenn. 1995). Tennessee Code Annotated § 66-26-101 provides that unregistered instruments (the list includes deeds) are effective between the parties without registration, "but as to other persons not having actual notice of them, only from the noting thereof for registration on the books of the register, unless otherwise expressly provided." ***See also***, **C & C Aluminum Builders Supply v. Rynd** 4 S.W.3d 191, 192 (Tenn. Ct. App.,1999). An unregistered deed of trust is null and void as to existing or subsequent bona fide purchasers from the maker without notice. ***Id.***; T.C.A. § 66-26-103; T.C.A. § 66-26-101; T.C.A. § 66-24-101(a)(8) (1996).

The trustee acquires only what interest the debtors had as of the petition date. The only way for the trustee to become empowered as the hypothetical BFP is by virtue of 11 U.S.C. § 544. Because the trustee may only limit Ocwen's lien by use of his bankruptcy granted powers as a trustee under § 544, the trustee's right to assert an interest superior to Ocwen's is time barred under 11 U.S.C. § 546(a). The court must therefore DENY the trustee's motion for summary judgment seeking to limit, avoid, or otherwise strip down Ocwen's lien, no matter how such action is named or styled.

### C. Section 506(c) Expenses

This is not to say that the trustee's action seeking claim valuation/determination and recovery of 11 U.S.C. § 506(c) expenses is time barred. The unique procedural posture of this case is such that the sale involving the "clouded title" has already occurred with the liens, whatever they may be, attaching to the proceeds. Furthermore, the parties specifically agreed

to combine all 11 U.S.C. § 506(c) issues with the pending adversary proceeding to "quiet title." Thus, although the trustee is time barred from avoiding, stripping down, diluting, or otherwise limiting Ocwen's lien pursuant to 11 U.S.C. § 546(a), the trustee is entitled to seek 11 U.S.C. § 506(c) recovery from Ocwen for his sale of the subject property that cleared the "chain of title" for Ocwen, and to determine the amount of Ocwen's claim pursuant to 11 U.S.C. §§ 502 and 506(b).

> Section 506(c) provides:
>
> (c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim.

In order for the trustee to provide clear title upon sale, he was required to file the adversary proceeding against the Greers and Jarman. After receiving default judgments, the title was cleared for the bankruptcy purchasers. In order for Ocwen to have provided clear title upon foreclosure, Ocwen would likewise have had to "quiet title" as to the Greers and Jarman. The court finds the trustee's § 506(c) expenses were for the benefit of Ocwen. Accordingly, the court finds the trustee is entitled to recover the § 506(c) expenses of $7,945.73, and the court GRANTS this part of the trustee's motion for summary judgment.

### D. Amount of Ocwen's Claim

The amount of Ocwen's claim cannot be determined on the trustee's motion for summary judgment. The court finds that material facts remain in dispute, and therefore DENIES the trustee's motion for summary judgment on this basis. The court finds that a further pretrial conference is necessary to

determine what issues remain for trial. A pretrial conference in this matter is therefore scheduled for Monday, April ___, 2005 at ___ p.m., Courtroom 1, 701 Broadway, Nashville, TN 37203. The trial currently scheduled for March 31, 2005 is hereby continued and shall be reset at the pretrial conference. All remaining issues not decided by the court's Memorandum and Order will be addressed at the pretrial conference.

### CONCLUSIONS

For the reasons stated above, the court GRANTS IN PART and DENIES IN PART the trustee's motion for summary judgment. A further pretrial conference will be held Monday, April 18, 2005 at 1:45 p.m., Courtroom 1, 701 Broadway, Nashville, TN 37203. The trial currently scheduled for March 31, 2005 is hereby continued and shall be reset at the pretrial conference. All remaining issues not decided by the court's Memorandum and Order will be addressed at the pretrial conference. An appropriate Order is filed simultaneously with this Memorandum Opinion.

It is, THEREFORE, so ordered.
This _____ day of March, 2005.

/s/George C. Paine, II

George C. Paine, II
Chief Judge
United States Bankruptcy Court

13-U.S. Bankruptcy Court, M.D. Tenn.

Case 3:04-ap-00742    Doc 33    Filed 03/18/05    Entered 03/18/05 15:31:08    Desc Main
Document    Page 13 of 13